UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hollis J. Larson,                                    Civil No. 11-2247 (PAM/LIB)

        Plaintiff,

v.                                                   **MEMORANDUM AND ORDER**

Lucinda Jesson, et al.,

        Defendants.

---

Repeatedly during the course of this litigation, including most recently on June 30, 2017, this matter has been stayed due to its relation to the claims raised in Karsjens v. Piper, No. 11-CV-3659 (DWF/TNL). (See, e.g., Docket No. 38.) The Court has again reviewed the complaint in this matter and has determined that the claims raised by Plaintiff Hollis J. Larson are now sufficiently distinct from the issues remaining pending in Karsjens that a further stay of this matter is no longer necessary or in the interests of judicial economy. Accordingly, the stay earlier imposed in this matter will be lifted.

Larson filed several motions for relief either just prior to the imposition of the stay or shortly thereafter. The Court will now review those motions:

First, Larson requested that the Court appoint counsel in this matter. (See Docket No. 6.) "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); see also In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court."). As explained more fully below, Larson's complaint is critically flawed; it is thus unclear at this time whether this litigation will be permitted to go forward at all. Not until the Court is presented with an appropriate

pleading can it determine whether it is in the interests of justice to appoint counsel to represent Larson. Larson's motion for appointment of counsel will therefore be denied without prejudice.

Next, Larson has filed a motion to change venue. (Docket No. 18.) Larson does not contend that the United States District Court for the District of Minnesota is the incorrect forum for his claims. Instead, Larson argues that this matter should be heard in a different division of the District of Minnesota. See 28 U.S.C. § 103 (dividing the District of Minnesota into six divisions). "Divisional venue" is no longer a statutory requirement. Crumrine v. NEG Micon USA, Inc., 104 F. Supp. 2d 1123, 1126 (N.D. Iowa 2000). Even leaving that aside, however, this matter was filed and assigned to the Fifth Division of the District of Minnesota, which encompasses Carlton County, where Larson alleges the events at issue in this litigation occurred. (Docket No. 18 at 1.) There is no basis for transferring this matter to a different venue.

Larson next asks that the docket in this matter be changed to reflect that he is not a "prisoner," but instead a civil detainee. (Docket No. 20.) The alterations requested by Larson have already been made. Accordingly, Larson's motion to change the docket will be denied as moot.

Finally, Larson requested in forma pauperis ("IFP") status in his prosecution of an appeal of the stay imposed in this matter. (Docket No. 25.) It appears that Larson's notice of appeal was never transmitted, perhaps because this matter was stayed. In any event, the stay in this matter is now lifted, and both Larson's appeal and his application to proceed IFP on appeal are now moot.

Returning to Larson's pleading: Over the course of his 81-page Complaint, Larson names over 150 Defendants to this action, each one of whom is alleged to have committed nine discrete and unrelated causes of action. (Compl. ¶¶ 184-92.) But the vast majority of the Defendants named to this action are, based on the allegations in the complaint, related to only a few (at most) of the claims being raised in this action. By pleading all claims against all defendants, Larson has violated both the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that a pleading must consist only of "a short and plain statement of the claim showing that the pleader is entitled to relief," and the requirement of Rule 11(b)(2) that each claim presented by a litigant be warranted under existing law.

> This Court has repeatedly criticized the filing of "kitchen-sink" or "shotgun" complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant. Such complaints are pernicious for many reasons. See Davis v. Coca–Cola Bottling Co. Consol., 516 F.3d 955, 981 (11th Cir. 2008) ("The unacceptable consequences of shotgun pleading are many."). For one thing, complaints like the one in this case unfairly burden defendants and courts. The plaintiff who files a kitchen-sink complaint shifts onto the defendant and the court the burden of identifying the plaintiff's genuine claims and determining which of those claims might have legal support. In this case, for example, plaintiffs have essentially coughed up an unsightly hairball of factual and legal allegations, stepped to the side, and invited the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two.

Gurman v. Metro Hous. & Redev. Auth., 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (Schiltz, J.). "It is the plaintiffs' burden, under both Rule 8 and Rule 11, to reasonably investigate their claims, to research the relevant law, to plead only viable claims, and to

3

plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." Id.

A district court may sua sponte dismiss a complaint that fails to comply with Rule 8. See Olson v. Little, 978 F.2d 1264 (8th Cir. 1992) (unpublished table disposition). That said, this Court will not recommend dismissal of Larson's complaint at this time. Instead, this Court will provide Larson with an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure. Larson should take care to plead facts demonstrating how each defendant to this action violated the law. Further, Larson should clearly distinguish which particular claims are being pleaded against each named defendant. Any defendants against whom no causes of action can be maintained should be omitted from Larson's amended complaint.

Larson must submit his amended complaint by no later than October 2, 2017, failing which this matter will be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b). Defendants will not be required to file an answer or other responsive pleading until after Larson's amended complaint has been reviewed under § 1915(e)(2)(B) and the Federal Rules of Civil Procedure.

Accordingly, **IT IS HEREBY ORDERED that:**

1. The stay earlier imposed in this matter is **LIFTED**.

2. Plaintiff Hollis J. Larson's motion to appoint counsel (Docket No. 6) is **DENIED without prejudice**.

3. Larson's motion to change venue (Docket No. 18) is **DENIED**.

4. Larson's motion to correct (Docket No. 20) is **DENIED as moot**.

4

5.  Larson's motion for leave to appeal in forma pauperis (Docket No. 25) is **DENIED as moot**.

6.  Larson must submit an amended complaint as directed above by no later than October 2, 2017, failing which this matter will be dismissed without prejudice for failure to prosecute.

Dated: August 24, 2017

Paul A. Magnuson
United States District Court Judge

5